**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE L. FORD, #B18015, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CASE NO. 11-cv-00992-JPG |
| WEXFORD HEALTH SOURCE, | ) | |
| DAVID REDNOUR, | ) | |
| MAGID FAHIM, | ) | |
| SALVADOR A. GODINEZ, | ) | |
| JANE DOE #1, and | ) | |
| JANE DOE #2, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

GILBERT, District Judge:

Plaintiff Ford, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a thirty year sentence for attempted murder, thirty years for possessing a weapon in prison, and two five-year sentences for aggravated battery.  This case is now before the Court for a preliminary review of Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from
such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

In his first amended complaint, Plaintiff states that he arrived at Menard on May 12, 2003. His asthma could be triggered by the particles of dust present in his housing unit, the

2

north one cell house.  He thus required an albuterol inhaler.[1]  For refills during the first eight

years after arrival, he removed a sticker bearing his name and prescription from the previous,

nearly empty inhaler and placed in on a request slip.  He placed the request slip in a sick-call

box.  When the facility was on lockdown, he relied upon passing  correctional officers or nurses

to take the request slip and place it in the box.

Plaintiff visited the Health Care Unit every four months due to his asthma.  In February

2011, Plaintiff saw Defendant Dr. Fahim.  Defendant Fahim discontinued Plaintiff's prescription

for his QVAR inhaler, citing budgetary cuts.[2]  Plaintiff states that the QVAR inhaler acted to

prevent his asthma attacks.

On or about April 20, 2011, Plaintiff placed the sticker from his albuterol inhaler upon a

request slip and gave it to Officer Richard to place in the sick-call box.  The refill, which

normally arrived in less than a week, had not arrived after a week and a half.  Plaintiff gave a

second request slip to a nurse and explained that he had already submitted the first request.

Plaintiff still did not receive a refill.  On or about May 10, 2011, Plaintiff wrote a letter to the

Health Care Unit regarding the unfilled prescription and gave it to a passing nurse for delivery.

He filed a grievance and wrote a letter to the warden, Defendant Rednour, around May 15, 2011.

Plaintiff's albuterol inhaler was at the time empty, and even these measures failed to bring his

---

[1] Albuterol is a bronchodilator that relaxes and opens air passages to the lungs to make breathing easier.  It is used to prevent and treat wheezing, difficulty breathing and chest tightening caused by lung diseases such as asthma.  *Pubmed Health: Drugs and Supplements*, U.S. National Library of Medicine, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000355/ (last reviewed Sep. 1, 2010).

[2] QVAR is a brand name for beclomethasone, a corticosteroid that reduces swelling in airways. *Pubmed Health: Drugs and Supplements*, U.S. National Library of Medicine, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000537/ (last reviewed Sep. 1, 2010).

refill.  Plaintiff also wrote a letter to the medical supervisor, Defendant Fahim, which brought no response.

On May 23, 2011, Plaintiff experienced an asthma attack.  He did not possess a QVAR inhaler to prevent asthma attacks and his albuterol inhaler, meant to treat them, was empty.  Plaintiff told his cell mate he could not breathe, and the cell mate called for help.  Two officers arrived and called for a nurse.  The nurse arrived and a rolling chair was found to transport Plaintiff, as he could not walk.  They moved Plaintiff to the Institutional Hospital.  He received treatment to open his airways.  A nurse noted, per Plaintiff's medical file, that Plaintiff had not received a refill for his albuterol inhaler for some time and no longer had a prescription for the QVAR inhaler.  An unnamed nurse told Plaintiff that he could have died within minutes without medical treatment.  Plaintiff remained in the hospital overnight, and the doctor administered the albuterol inhaler as needed.  Plaintiff left the hospital May 24, 2011, with another albuterol inhaler.

Plaintiff seeks as relief compensatory, nominal, and punitive damages, attorney fees and costs, judgment in his favor, and whatever else the court deems just.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference**

4

In certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . .  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of  a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need.  *Id*.

5

Plaintiff describes a condition that could meet several of the *Gutierrez* factors. Lack of medical treatment during an asthma attack can have serious repercussions. Indeed, a nurse told Plaintiff when he reached the hospital that without treatment, Plaintiff could have died within minutes. The condition was severe enough to warrant medical treatment from the perspective of any reasonable physician or patient, since Plaintiff was visibly unable to breathe and could not walk. Plaintiff has pled facts to show the objective prong of a claim for deliberate indifference.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff names Defendant Fahim, Mendard's medical director, in his complaint twice. First, he states that Defendant Fahim discontinued Plaintiff's prescription for the QVAR inhaler, depriving him of the medication he had used to prevent asthma attacks. Plaintiff retained, however, the prescription for the albuterol inhaler. Since Defendant Fahim did not withhold treatment for Plaintiff's asthma, he did not act with deliberate indifference towards Plaintiff's medical needs.

Plaintiff next alleges that he wrote Defendant Fahim a letter concerning his failed attempts at refilling his inhaler. Based on these facts, it cannot be determined whether Defendant Fahim acted with deliberate indifference by preventing Plaintiff's refill. Because the facts are unclear as to Defendant Fahim's involvement in the denial of Plaintiff's refill requests, this claim cannot be dismissed at this time.

**Count 2 - Failure to Address Grievance**

Plaintiff states that his grievances and his letter to the warden regarding the ignored refill requests were not addressed.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Because Plaintiff's complaints regarding the handling of his grievances do not rise to the level of a consdituitonal violation, he has failed to state a due process claim.  Therefore, this claim shall be dismissed with prejudice.

**Defendants Wexford Health Source, David Rednour,  Salvador A. Godinez, Jane Doe #1-2**

Though Plaintiff names Defendants Wexford Health Source, David Rednour, Salvador A. Godinez, Jane Doe #1, and Jane Doe #2 in the caption of his complaint, he fails to list them elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Wexford Health Source, Salvador A. Godinez, David Rednour, Jane Doe #1, and Jane Doe #2 elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them.  For this reason, Defendants Wexford Health Source, David Rednour, Salvador A. Godinez, Jane Doe #1, and Jane Doe #2 will be dismissed from this action without prejudice.

**Pending Motions**

On June 21, 2012 this Court granted Plaintiff's motion for leave to file an amended complaint and granted him until July 6, 2012, to file any exhibits to be attached thereto (Doc. 7, 8). On June 29, Plaintiff filed a motion for leave to file and amend exhibits within the Court's stated deadline.  This motion shall be **GRANTED** and the exhibits marked by Plaintiff as A-1 - A-5 shall be appended to the Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS TWO** and **THREE** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.  Defendants

**WEXFORD HEALTH SOURCE**, **DAVID REDNOUR**, **SALVADOR A. GODINEZ**, **JANE DOE #1**, and **JANE DOE #2** are **DISMISSED** from this action without prejudice.

**COUNT ONE** shall receive further consideration.

The Clerk of Court **SHALL PREPARE** for Defendant **FAHIM**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendants' last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge

that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED:  July 24, 2012**

_s/J. Phil Gilbert_
**United States District Judge**