IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE L. FORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:11-cv-00992-JPG-PMF |
| | ) |
| MAGID FAHIM, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Magid Fahim's motion for summary judgment (Doc. No. 25). Plaintiff Jimmie Ford is proceeding on Count 1, challenging the conditions of his prison confinement under 42 U.S.C. § 1983. Ford charges Fahim with a violation of the Eighth Amendment's cruel and unusual punishment clause, alleging that he responded with deliberate indifference to Ford's need for asthma medication. In this motion, Fahim seeks a ruling in his favor on his affirmative defense that Ford failed to exhaust administrative remedies prior to suit. In particular, Fahim proposes that Ford "failed to file his grievance documents within sixty days after discovery of the alleged incident . . . ." (Doc. No. 26, p. 3). The motion is opposed by Ford, who explains that timely efforts to obtain an administrative remedy from prison officials were frustrated by the lack of a response from a correctional counselor (Doc. No. 30).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher, 634 F.3d 942, 945* (7th Cir. 2011).

Count 1 is subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has abided by the procedures for pursing relief. That is, he must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In Illinois, the grievance process usually includes five levels of review. A prisoner first submits his grievance to a counselor. He may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

In some circumstances, administrative remedies may not be "available" to the prisoner. For example, a procedure is not available if prison officials interfere or refuse to provide the forms needed to initiate or complete the procedure. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). The "availability" of a remedy is not what appears to be on paper, but whether the process was in reality open for use. *Kaba v. Stepp*, 458 F.3d. 678, 684 (7th Cir. 2006).

The materials on file do not lend substantial support to Fahim's argument.  Fahim draws his conclusion about the poor timing of Ford's grievance from documents attached to the affidavit of Terri Anderson.  Those documents (Doc. No. 26-1) do not speak to the date Ford initially submitted his emergency grievance to the warden (May 27, 2011) or the date he forwarded that grievance to a correctional counselor after the warden declined to handle the issue as an emergency (June 7, 2011).  Further, Anderson's affidavit does not detract from persuasive evidence that Ford submitted his grievance to James Alms in a timely manner and that Alms failed to provide any response.  In particular, Ford's exhibits, letters, and the verified allegations in his Amended Complaint establish that (1) the lack of medication caused Ford to suffer a severe asthma attack on May 23 and 24, 2011, and (2) Ford took the procedural steps required of him by properly submitting a written emergency grievance to the warden on May 27, 2011, and by forwarding that grievance to counselor Alms on June 7, 2011.  In short, Ford filed his grievances well within the 60-day period prescribed by state regulation.  Ford could not complete the grievance procedure without receiving a response from Alms, which was never provided.  In these particular circumstances, the exhaustion of administrative remedy defense lacks merit.

IT IS RECOMMENDED that defendant Fahim's motion for summary judgment (Doc. No. 25) be DENIED.

**SUBITTED:**  <u>March 26, 2013</u>  .

   <u>s/Philip M. Frazier</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**