UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE L. FORD,<br><br>          Plaintiff,<br><br>     v.<br><br>MAGID FAHIM,<br><br>          Defendant. | Case No. 11-cv-992-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 62) of Magistrate Judge Philip M. Frazier recommending that the Court deny defendant Magid Fahim's motion for summary judgment (Doc. 40). Fahim has objected to the Report (Doc. 64), and plaintiff Jimmie L. Ford has responded to that objection (Doc. 67).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Ford's case stems from an asthma attack that he suffered after Fahim discontinued his asthma attack prevention medicine (QVAR) and after Ford was unable to refill his rescue inhaler prescription (Albuterol). He alleges Fahim played a role in the failure to have his Albuterol prescription refilled. The only remaining claim in this case is that Fahim was deliberately indifferent to Ford's need for Albuterol. The Report found that Fahim's summary judgment motion did not address this liability theory, and that a reasonable jury could find Ford's asthma

attack constituted a substantial harm, even though he was treated for it and recovered afterward. Accordingly, it recommended denying Fahim's summary judgment motion.

In his objection, Fahim restates his inapposite arguments about the discontinuation of QVAR and argues that Ford failed to point to evidence Fahim was involved in the failure to refill his Albuterol prescription.

The Court has reviewed the matter *de novo* and finds that the Report is correct for the reasons stated therein.   In the Court's July 24, 2012, order initially reviewing this case pursuant to 28 U.S.C. § 1915A (Doc. 11), the Court allowed one claim to proceed:   Ford's claim that Fahim was deliberately indifferent to Ford's serious medical needs because of Fahim's involvement in denying Ford's requests to refill his Albuterol prescription.   The Court specifically rejected the notion that Fahim was deliberately indifferent for discontinuing Ford's QVAR.

However, in its summary judgment motion and supporting memorandum (Docs. 40 & 41), Fahim addressed the theory of deliberate indifference for discontinuing QVAR, the theory that had been dismissed from the case, but did not address the theory of deliberate indifference for failing to renew Ford's Albuterol prescription, the only claim actually remaining in the case.   First, Fahim argued that Ford cannot prove the discontinuation of QVAR caused his asthma attack. Second, he argued that he was not deliberately indifferent to Ford by discontinuing QVAR or in his response once Ford's asthma attack began.   Third, he argues Ford suffered no substantial harm from his asthma attack.   Finally, Fahim argues he is entitled to qualified immunity.   Fahim's objection regarding QVAR remains as irrelevant as it was in his original summary judgment motion.

As for Ford's failure to point to evidence of Fahim's involvement in the failure to refill his Albuterol prescription, Ford had no obligation to do so because Fahim did not raise that argument in his summary judgment motion.   Thus, Fahim failed to carry his initial summary judgment

2

burden of negating an essential element of Ford's case with undisputed evidence, see Fed. R. Civ. P. 56(c)(1)(A), or pointing to the absence of evidence to support an essential element of Ford's case, see Fed. R. Civ. P. 56(c)(1)(B).  *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013).

As for whether Ford suffered a substantial harm, the Court agrees with Magistrate Judge Frazier that a reasonable jury could find an asthma attack like the one Ford suffered could constitute substantial physical and emotional harm.

For these reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 62);
- **OVERRULES** Fahim's objections (Doc. 64); and
- **DENIES** defendant Magid Fahim's motion for summary judgment (Doc. 40).

The Court notes that efforts to recruit counsel for Ford have been unsuccessful (Doc. 69). However, to assist the Court with trial management, it will attempt to recruit stand-by counsel for Ford for the purposes of trial only.  The Court further **ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Frazier's chambers on or before June 20, 2014.

**IT IS SO ORDERED.**
**DATED:   May 2, 2014**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**